IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEWARI DE-OX SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA:08-CV-00190-OLG |
| | § | |
| | § | |
| MOUNTAIN STATES/ROSEN, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO DISMISS
## FOR LACK OF SUBJECT-MATTER JURISDICTION AND BRIEF

Pursuant to F. R. Civ. P. Rule 12 (b)(1), plaintiff Tewari-De-Ox Systems, Inc.
moves that this case be dismissed without prejudice for want of subject-matter
jurisdiction. In support of the requested relief, plaintiff states:

1.     This suit was commenced in this Court on March 7, 2008 by the filing of
plaintiff's Original Complaint (Doc. #1). Jurisdiction was alleged on the basis of
diversity of citizenship under 28 U.S.C. § 1332.

2.     The jurisdictional allegations are as follows:

2.     Mountain States/Rosen, LLC is a Wyoming limited liability
company with its principal place of business at Building C-16,
Hunts Point Co-op Market, [The] Bronx, New York 10474 and
may be served at that address by serving Bruce Rosen. It may
also be served by serving its agent for service, Bryce R. Reece at
811 N. Glenn Road, Casper, Wyoming 82601.

3.     This court has jurisdiction pursuant to 28 U.S.C. § 1332.
Defendant Mountain States/Rosen, LLC is a Wyoming limited
liability company with its principal place of business in [The]

> Bronx, New York.  Plaintiff Tewari De-Ox Systems, Inc. is a Texas corporation with its principal place of business in Bexar County, Texas.  The amount in controversy exceeds $75,000.

(*Id.* ¶s 2 and 3.)  An abbreviated copy of the complaint is contained in the Appendix at pp. 1 – 2.

3.     After an unsuccessful Rule 12(b)(6) motion defendant Mountain States/Rosen, LLC ("MS/R") answered.  (Doc. #14).  In its answer, defendant states:

> 2.  MTSR admits the allegations in paragraph 2.
>
> 3.   MTSR admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

(Defendant's Answer ¶s 2 and 3.)  An abbreviated copy of the answer is contained in the Appendix at p. 3 – 4.

4.     At the time the suit was filed, and yet today, plaintiff was and is a citizen of Texas.

5.     At the time the suit was filed MS/R, as a Wyoming limited liability company (see defendant's Articles of Organization, App. pp. 5 – 9.), was a citizen of Wyoming (for diversity purposes) and a citizen of each state in which it had members and of each state in which any unincorporated entity member or sub-member had members or partners.

6.     According to the Articles of Association, one of the MS/R's original members was "Mountain States Lamb and Wool" ("MSL&W") (*Id.* App. p. 6.).[1]

---

[1] Confusingly, MS/R's parent entity usually refers to itself as the "Mountain States Lamb" coop (hereinafter "MSL"), but sometimes as the "Mountain States Lamb and Wool" coop.  Even if MSL and MSLW are different entities, the relevant diversity tests flow through both coop entities.

MSL&W is a Wyoming agricultural cooperative.  See Articles of Organization, App. pp. 10 – 22.

7.    Plaintiff has attempted through written discovery requests to ascertain the names and locations of defendant's up-stream owner entities.  However, defendant refused to provide the information.  (See defendant's responses to plaintiff's requests for production, App. pp. 23 – 25.)  Plaintiff's present counsel only learned of the withheld information when it surfaced in the course of examining published documents.  Plaintiff's present counsel had no reason to suspect that diversity was absent.  Had defendant provided a full response to plaintiff's RFP #40, the apparent absence of diversity might have come to light much earlier.

## RELIEF REQUESTED

Plaintiff requests that defendant be ordered to produce immediately a list of its members, the members of MSL&W and each person or entity in the organizational layers of each member as of March 7, 2008.  If it appears that either defendant, MSL&W or any constituent or sub-constituent of MSL&W had members as of that date who were citizens of Texas, then the Court must dismiss the case without prejudice.

## BRIEF

Subject-matter jurisdiction cannot be created by waiver or consent.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  The Court must address the jurisdiction issue whenever raised.  *See Id.*

Whether diversity jurisdiction exists is determined by the facts as of the date of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *Hutson v. Wal-Mart Stores Texas, L.P.*, 2007 U.S. Dist. LEIS 75356 *2 (W.D. Tex. 2007).

The pleadings alone are insufficient to establish jurisdiction since they do not assert any facts as to defendant's constituents. *See Deliverance Poker, LLC v. Tiltware, LLC*, 771 F.Supp.2d 658, 662 (W.D. Tex. 2011). "Absent allegations of the citizenship of each member of an unincorporated association, the district court *must presume* that a member of the association is located in each state and may accordingly conclude that diversity jurisdiction does not exist." (Italics added.) *Magnum Producing, L.P. v. St. Paul Surplus Lines Ins. Co.*, 2010 U.S. Dist. LEXIS 134786 *8 (S.D. Tex. 2010) (citing *Int'l Ass'n of Machinists v. Eastern Airlines, Inc.*, 320 F.2d 451, 455 (5th Cir. 1963).) Once jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing its existence. *See B-2 USA, Inc. v. Vairisk Mgm't Corp.*, 2011 U.S. Dist. LEXIS 151648 *10 - *11 (E.D. Tex. 2011).

A limited liability company is a citizen of each state in which it has members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Where a member of a limited liability company is an unincorporated entity, the citizenship of that member's constituents must also be taken into account in determining diversity. See *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Gross v. RSJ Int'l, LLC*, 2012 U.S. Dist LEXIS 1253 *8 - *9 (E.D. La. 2012);

*Kirkendoll v. Brookshires Grocery Co.*, 2011 U.S. Dist LEXIS 142110 *2 (W.D. La. 2011); *Buddy Albin Constn. & Elect. Co., LLC v. Ambling Const. Co., LLC*, 2008 U.S. Dist. LEXIS 3577 *2 (W.D. La. 2008).

The citizenship inquiry must be applied through every level of constituency. *See Williams v. North Hill Square Apts*, 2010 U.s. Dist. LEXIS 43279 *3 (S.D. Miss. 2010): "Where the limited partnership or LLC is made up of other partnerships or LLCs, the district court must trace the citizenship of each such person or entity down the various organizational layers."

Because there is a fact question, *i.e.*, whether any member of MS/R or MSL&W was a citizen of Texas as of March 7, 2008, the Court should require defendant to file with the Court and serve on plaintiff's counsel a list of:   (a) the members of defendant; (b) the members of Mountain States Lamb and Wool Cooperative; and (c) the members, partners, or other constituents of any unincorporated entity directly or indirectly owning at any level an interest in either defendant or MSL&W as of March 7, 2008.   Such list shall provide sufficient information from which to determine the "citizenship" of each entity for the purpose of 28 U.S.C. § 1332. *See Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 Fed. Appl. 797, 798 (5th Cir. 2009); *Mitchell Rosenthal & Danker, LLC v. Landow*, 2010 U.S. Dist. LEXIS 9501 *1 (N.D. Tex. 2010).

## CONCLUSION

It would be an unconscionable waste of the Court's and the parties' resources

to proceed with the trial of this case and have it turn out to have been for naught on account of want of subject-matter jurisdiction.  The Court should make appropriate inquiry into the facts, and if jurisdiction does not exist, the Court must dismiss without prejudice.

Respectfully submitted,

    /s/ Lawrence Fischman
Lawrence Fischman
Texas Bar No. 07044000
lfischman@gpm-law.com
Robert O. Groover, III
Texas Bar No. 08529200
groover@technopatents.com
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Dr., Suite 500
Dallas, Texas  75254-1449
(972) 419-8300
(972) 419-8329 (Fax)

Bernard W. Fischman
Texas Bar No. 07043500
Bernard@bfischman.com
The Ariel House
8118 Datapoint Dr.
San Antonio, Texas 78229-3218
(210) 614-6400
(210) 614-6401 (Fax)
(Local Counsel)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Since this is a dispositive motion, no conference is required pursuant to L.R. CV-7(h).

   /s/ Lawrence Fischman
Lawrence Fischman

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, a true and correct copy of the foregoing document was served on counsel for all parties who have appeared in this action in compliance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE and was delivered to the U.S. Attorney for the Western District who has *not* appeared in this matter.

   /s/ Lawrence Fischman
Lawrence Fischman
